THE PEOPLE OF THE STATE OF ILLINOIS

v.

CHARLES H. FORCE et al.

*Filed at Ottawa November 10, 1881.*

1.  PURCHASER—*sale of canal land by State officer to himself is not void.* A sale of canal land by the treasurer of the board of canal commissioners, whose duty it was to sell the same, to himself, at the price fixed by law, is not void, and will pass the title, if not avoided by the State, and this can not be done in an action of ejectment. The sale can be set aside only in a court of equity, where the rights of all the parties in interest may be protected.

2.  SAME—*ratification of voidable sale makes it good.* If a sale of canal lands by an officer of the State to himself was voidable by the State, a subsequent ratification of it by the State will render the sale valid and binding, which ratification may be shown by the receipt by the State of the price, and returning the land as subject to taxation, and the collection of subsequent taxes thereon.

3.  EJECTMENT—*legal title only considered.* In an action of ejectment legal titles only are considered, and not equities. Therefore any sale of land by the State, though voidable in equity for irregularity, must prevail in a court of law.

APPEAL from the Circuit Court of LaSalle county; the Hon. F. GOODSPEED, Judge, presiding.

Mr. E. F. BULL, for the People:

1.  It was claimed at the circuit court that the State of Illinois was estopped from denying that this land had been sold, and estopped from claiming that this certificate was void, for the reason that the property had been assessed for taxation, and had been returned by the Auditor General of the State, upon several occasions, to the county clerk of LaSalle county, under the revenue laws then in existence, as delinquent land, for the taxes of 1835 and 1837. A sufficient answer to this proposition is, that the doctrine of estoppel can not be applied to the sovereign power. It can

not be asserted in favor of the citizen against the State. *The People* v. *Brown*, 67 Ill. 435.

2. Mr. Campbell, as the agent of the State to sell this land, was not authorized to sell to himself, and hence no title passed by his attempted sale to himself. *McDonald* v. *Fithian*, 1 Scam. 269; *Hughes* v. *Washington*, 72 Ill. 85; *Pensonneau* v. *Bleakley*, 14 id. 15; *Dennis* v. *McCagg*, 32 id. 429; *Cotton* v. *Holliday*, 79 id. 176; *Ziegler* v. *Hughes*, 55 id. 228.

Messrs. Leland & Gilbert, and Mr. N. Kilburn, for the appellees:

Appellees rely upon two items of proof to defeat appellant's claim. The first is the certificate issued by James B. Campbell, treasurer, to James B. Campbell, dated January 10, 1831, and the second is the entry in the book of patents in the office of the Secretary of State, showing that a patent for this land was issued to James B. Campbell, January 10, 1831.

1. If Campbell, as the agent of the State, made this certificate to himself, the State suffered no injury or loss. He could not sell the land for more than $1.25 per acre, and it did not matter to the State who was the purchaser, so that it received the maximum price.

2. The fact that the Governor issued a patent for the land, that the Auditor certified it for taxation, and that the State made no claim to the land for fifty years after the patent issued, affords strong circumstantial evidence that the land was paid for.

3. Again, if Campbell occupied the position of a trustee, his sale to himself was not void, but only voidable, and hence this defence is of no avail in an action of ejectment. The People must resort to a bill in equity, and offer to return the purchase price of the land.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment brought by the canal commissioners, in the name of the People of the State of Illinois, to recover the possession of the west half of the south-east quarter of section 13, town 33 north, range 3 east, in LaSalle county. On a trial in the circuit court, before a jury, a verdict was returned in favor of the defendants, upon which the court rendered a judgment, and plaintiff appealed.

The plaintiff, for the purpose of establishing title to the land, read in evidence an exemplification of a patent from the United States to the State of Illinois for the land in question, dated March 5, 1830. The defendants, for the purpose of showing that the State had parted with its title, read in evidence a certified copy of a certificate of sale on file in the office of the Auditor of State, which read as follows:

"No. 93.        TREASURER'S OFFICE, RAPIDS OF ILLINOIS,
                                    *January* 10, 1831.

"It is hereby certified, that in pursuance of law James B. Campbell has this day purchased at this office the south-east quarter of section No. 13, township No. 33 north, 3 east, containing 160 acres, at the rate of $1.25 per acre, amounting to $200, for which he has made payment in full.

    "Signed in duplicate,
                                    JAMES B. CAMPBELL,
                            *Treasurer Board Canal Comrs.*"

The defendants also read in evidence a certified copy of a patent book, on file in the office of the Secretary of State, so far as it related to the land in question, showing the sale of the land to Campbell. The defendants also proved that the Auditor of Public Accounts certified the land for taxation in 1835, and again in 1837.

Section 8 of the act of 1829, Public Laws of 1829, page 14, which was in force when the land in question was sold, provides: "The treasurer (of canal commissioners), at all

times, (except the time of public sale,) shall keep an office open at some point on the route of said canal, at which persons may enter any of the lands included within the said donation, at $1.25 per acre in cash, in the same manner in which lands may be entered in any of the land offices of the United States. And at all such private sales the treasurer shall grant a certificate of purchase to the purchaser, containing a description of the quantity of land, and the price for which the same was sold, upon presenting which to the Governor the party shall be entitled to receive a patent for the same, as above provided. It shall be the further duty of the treasurer to make entries of sales of lands made by him, in a book or books to be kept for that purpose, containing a faithful description of the quantity of acres in each tract sold by him, and the price at which the same was sold; and he shall make monthly returns therefor to the Auditor of Public Accounts."

The authority of James B. Campbell, treasurer of the board of canal commissioners, to sell the land in question at $1.25 per acre is not denied, nor is it questioned that a certificate of sale, such as was given, would be competent and legitimate evidence to establish the fact that the State had parted with its title to the land; but it is contended by appellant that the certificate of sale read in evidence is void because Campbell, the treasurer, sold the land to himself. Conceding that Campbell, who was at the time treasurer of the board of canal commissioners, clothed with authority to sell the land, did in fact become the purchaser, the transaction would not be void. The most that can be claimed is, that it would be voidable. The price at which the land could be sold was fixed by law at $1.25 per acre,—it could not be sold for more nor less than that sum. Whether Campbell or a stranger became the purchaser of a tract of land, could in no manner affect the State. If the price provided by law was paid, the State could not be injured. Indeed, it was a matter

of no consequence to the State who purchased the land. All it expected or desired was $1.25 per acre. That the State received pay for the land in question does not admit of a doubt. Campbell, the treasurer, in the certificate of sale, a duplicate of which was filed in the Auditor's office, acknowledged receipt of the money for which the land was sold, and when his term of office expired, and his successor was appointed, it will be presumed, in the absence of proof, that he settled with the State and paid over all moneys in his hands which were received in the discharge of his official duties. Under such circumstances we perceive no ground upon which it can be held that the sale was void.

But suppose the sale was voidable, if the State, after the land was thus sold, ratified the act, the legality of the sale would then be beyond dispute. The record contains evidence tending to prove a ratification of the sale. The land was returned by the Auditor to the county clerk of La Salle as subject to taxation, which would not have been done unless the State had sold it. This action by the officers of the State shows clearly that the sale made by Campbell was regarded as proper and legitimate.

Again, if the relation of Campbell to the State was such that he could not properly become a purchaser of lands entrusted to him to sell, that question can not be raised in a court of law on the trial of an action of ejectment. If the sale was voidable, and the State had the right to set it aside, it must go into a court of equity to do so, where the rights of all parties in interest can be adjusted and protected. In an action of ejectment legal titles only are taken into consideration,—equities are not considered. If a trustee, who may be authorized by a deed of trust to sell a tract of land, procures a third party to purchase at the sale, and then takes a conveyance to himself, the original owner of the land may, by proper proceedings in a court of equity, set aside the sale, but he could not recover the land in an action of ejectment.

The principle which would preclude a recovery in the case supposed, would also prevent a recovery in the case under consideration.

The certificate of sale read in evidence by the defendants was sufficient, in our judgment, on the trial of the action of ejectment, to establish the fact that the State had parted with its title to the land, and so long as that certificate remains in force we perceive no ground upon which the plaintiff could recover.

The judgment will be affirmed.

*Judgment affirmed.*